# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

## No. ACM S32430 (f rev)

————————————

### UNITED STATES
*Appellee*

**v.**

### Brandon M. ZEGARRUNDO
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

*Upon further review*

Decided 13 June 2019

————————————

*Military Judge:* J. Wesley Moore.

*Approved sentence:* Bad-conduct discharge, confinement for 30 days, and reduction to E-1. Sentence adjudged 3 June 2016 by SpCM convened at Moody Air Force Base, Georgia.

*For Appellant:* Major Allen S. Abrams, USAF; Major Patrick A. Clary, USAF; Major Megan E. Hoffman, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Michael T. Bunnell, USAF; Major Meredith L. Steer, USAF; Mary Ellen Payne, Esquire.

Before MAYBERRY, HUYGEN, and KEY, *Appellate Military Judges.*

Senior Judge HUYGEN delivered the opinion of the court, in which Chief Judge MAYBERRY and Judge KEY joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

HUYGEN, Senior Judge:

Appellant pleaded guilty at a special court-martial to a total of six specifications involving attempted possession and possession, conspiracy to distribute, and attempted use and use of multiple drugs, in violation of Articles 80, 81, and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 881, 912a.[1] A panel of officers sentenced Appellant to a bad-conduct discharge, confinement for 30 days, reduction to the grade of E-1, and forfeiture of $1,044.00 pay per month for one month. The convening authority approved the adjudged sentence except for the forfeiture of pay.

Appellant initially submitted his case on its merits with no specific assignment of error. The court specified the following issue: whether Appellant is entitled to new post-trial processing consistent with the decision of the United States Court of Appeals for the Armed Forces (CAAF) in *United States v. Addison*, 75 M.J. 405 (C.A.A.F. 2016) (mem.), because the addendum to the staff judge advocate's recommendation (SJAR) failed to correct an error in Appellant's clemency submission. We determined that Appellant was so entitled and ordered new post-trial processing. *United States v. Zegarrundo*, 77 M.J. 612 (A.F. Ct. Crim. App. 2018).

New post-trial processing has been accomplished, and we have Appellant's case for further review. Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant filed two supplemental assignments of error: (1) that he was deprived of his right to a speedy trial for the 219-day delay between the remand of his case and new action by the convening authority and the 181-day delay between the new action and the re-docketing of his case with the court and (2) that he suffered cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution, U.S. CONST. amend. VIII, and Article 55, UCMJ, 10 U.S.C. § 855, for the 30 days of confinement during which he was subjected to solitary confinement and not given his prescription medications.[2] Exercising our authority under *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002), we affirm the findings and only so much of the sentence as provides for a bad-conduct discharge, confinement for 15 days, and reduction to the grade of E-1.

---

[1] All references in this opinion to the Uniform Code of Military Justice and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] We have considered the second supplemental assignment of error, which warrants no further discussion or relief. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).

## I. BACKGROUND

On 31 January 2018, the court set aside the action of the convening authority and remanded Appellant's case for new post-trial processing. The Government submitted a Motion for Reconsideration and Reconsideration En Banc, which was opposed by Appellant and denied by the court on 19 March 2018. On 27 March 2018, Appellant's case was returned to the convening authority. The servicing legal office did not initiate new post-trial processing until 12 June 2018. On 18 June 2018, the staff judge advocate issued a recommendation (SJAR). The defense counsel who assisted Appellant only during new post-trial processing requested and received a copy of Appellant's record of trial and a second copy of the SJAR. On 14 July 2018, Appellant received his copy of the SJAR. On 17 July 2018, Appellant was granted a 20-day extension to submit clemency matters and submitted clemency matters through his defense counsel on 13 August 2018. The clemency matters were attached to the SJAR addendum, dated 27 August 2018. The convening authority took action on 7 September 2018, or 219 days after the court's decision of 31 January 2018.

After multiple attempts to obtain receipts from the trial defense counsel and Appellant, the servicing legal office forwarded the record of trial on 1 November 2018. The record was received by the Air Force Legal Operations Agency, Military Justice Division (AFLOA/JAJM), on 8 November 2018. The court-martial order was not accomplished until 5 March 2019. Appellant's case was docketed on 7 March 2019, or 181 days after the convening authority's action.

## II. DISCUSSION

Appellant contends that he was deprived of his right to a speedy trial by the 219-day delay between the remand of his case and action by the convening authority as well as the 181-day delay between the action and the docketing of his case. Appellant supports his claim by citing *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006), and its determination of a presumptively unreasonable delay when more than 120 days elapse between the end of trial and the convening authority's action or when more than 30 days elapse between action and docketing. Appellant relies on *Barker v. Wingo*, 407 U.S. 514, 530 (1972), and *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002), to articulate bases for granting relief for post-trial delay. The Government also cites *Moreno*, *Barker*, and *Tardif* as the cases that address the issue raised by Appellant.

We review de novo whether an appellant has been denied the due process right to a speedy post-trial review and appeal. *Moreno*, 63 M.J. at 135 (citations omitted). A presumption of unreasonable delay arises when the conven-

ing authority does not take action within 120 days of the completion of trial or when the case is not docketed with the appropriate service court of criminal appeals within 30 days of action. *Id.* at 142. A presumptively unreasonable delay triggers an analysis of the four *Barker* factors: "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Moreno*, 63 M.J. at 135 (citations omitted). A presumptively unreasonable delay satisfies the first factor, but the Government "can rebut the presumption by showing the delay was not unreasonable." *Id.* at 142. Assessing the fourth factor of prejudice, we consider the interests of "prevention of oppressive incarceration," "minimization of anxiety and concern of those convicted," and "limitation of the possibility that . . . grounds for appeal, and . . . defenses . . . might be impaired." *Id.* at 138–39.

As did both parties, we apply the 120-day standard for the convening authority's action to Appellant's case, even though it was remanded for new post-trial processing. *See United States v. Bailon*, 2009 CCA LEXIS 149 at *3 (f. rev.) (A.F. Ct. Crim. App. 29 Apr. 2009) (unpub. op.). However, we agree with the Government, not Appellant, that the 120-day clock started when the record was returned to the convening authority on 27 March 2018, not when the court issued its opinion on 31 January 2018. Were we to find as Appellant contends—that, as in *Bailon*, the 120-day clock in Appellant's case began ticking when the court issued its opinion—we would have to ignore the fact that the convening authority could not proceed with new post-trial processing while the Government's Motion for Reconsideration and Reconsideration En Banc was pending before the court. We decline to do so. Instead, we start the clock when the record was returned to the convening authority and find that the length of the delay was 164 days, not 219 days, and the 120-day standard was exceeded by 44 days, not 99 days.

We acknowledge that the reasons for the 164-day delay between return of the case and action of the convening authority included the Government's efforts to satisfy the requests of the trial defense counsel for additional copies of documents and to obtain receipts from Appellant and his counsel. But we decline to hold Appellant responsible for any delay other than his requested and granted 20-day delay to submit clemency matters. Post-trial processing and its timeliness are responsibilities of the Government, and the delays, especially those related to the Government's attempts to obtain receipts, could have been mitigated by the Government had it been more proactive.

Both parties agree that 181 days elapsed between the convening authority's action and the docketing of Appellant's case and that the 30-day standard for this step of post-trial processing was exceeded by 151 days.

The reasons for the 151-day delay involved another round of attempts by the servicing legal office to obtain receipts from Appellant and his counsel. When the legal office eventually asked on 31 October 2018 and was advised by AFLOA/JAJM to continue post-trial processing without the receipts, it appears that the office forwarded the record in November 2018 and then stopped processing the case until reminded by AFLOA/JAJM in late February or early March 2019 to produce the court-martial order.

With regard to the third and fourth *Barker* factors, Appellant did not assert his right to timely post-trial processing at any time before he filed supplemental assignments of error on 18 March 2019. He also did not make any specific claim of prejudice.

Considering the four *Barker* factors, we determine that Appellant has not been denied his due process right to timely post-trial processing and thus is not entitled to *Moreno* relief.

Although we find no due process violation, we do grant *Tardif* relief, specifically because of the 151-day delay between action and docketing. Contrary to the Government's assertions, we cannot view as "negligible" or "modest" either the 151-day delay or the time that passed between action and docketing: 181 days, which was six times the 30 days allotted. We note in particular that, after the convening authority took action on 7 September 2018, 179 days elapsed before the legal office produced the court-martial order required by Rule for Courts-Martial 1111(b)(1) on 5 March 2019—and did so only after being reminded by AFLOA/JAJM.

In *Tardif*, the CAAF recognized that "a Court of Criminal Appeals has authority under Article 66(c) to grant relief for excessive post-trial delay without a showing of 'actual prejudice' within the meaning of Article 59(a)." 57 M.J. at 224. Furthermore, we as a service court of criminal appeals are required by Article 66(c), UCMJ, to determine which findings of guilty and the sentence or part thereof "should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c); *see Tardif*, 57 M.J. at 224. Although the 151-day delay between action and docketing was at least partially explained by the legal office's attempts to obtain receipts and the unavailability of the judge advocate and paralegal primarily responsible for the post-trial processing of Appellant's case, the delay was almost wholly unjustified and unreasonable. As a result, we consider not only the delay but also "all the facts and circumstances reflected in the record," *id.*, and conclude that we should approve the findings of guilty and only so much of the sentence as provides for a bad-conduct discharge, confinement for 15 days, and reduction to the grade of E-1.

### III. CONCLUSION

We approve only so much of the sentence as provides for a bad-conduct discharge, confinement for 15 days, and reduction to the grade of E-1. Article 66(c), UCMJ. The findings approved by the convening authority are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Article 59(a), UCMJ, 10 U.S.C. § 859(a). Accordingly, the approved findings and the modified sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court